# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 06-10581 |
| | Chapter 7 |
| LEROY DAVIS, JR., | |
|     Debtor. | |
| | |
| LEROY DAVIS, JR., | Adv. Pro. No. 07-1097 |
|     Plaintiff, | |
| v. | |
| BETTY Y. DAVIS, | |
|     Defendant. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary Judgment filed by the Defendant Betty Y. Davis. (Doc. 11). The Motion has been fully briefed. (Docs. 13, 14). For the reasons set forth below, the Court finds that the indebtedness owed by the Plaintiff Leroy Davis, Jr., to Betty Davis is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). Therefore, Betty's Motion for Summary Judgment is GRANTED.

## I. FACTS

Leroy Davis, Jr., and Betty Davis were married in 1993 and divorced in 2003.[1] Leroy filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on June 23, 2006. (Case No. 06-10581). On April 17, 2006, Leroy converted his Chapter 13 case to a case under

---

[1] The divorce case is styled <u>Davis v. Davis</u>, Case No. DR-2004-17, in the Circuit Court for Macon County, Alabama. The divorce decree is dated April 8, 2004.

Chapter 7. Leroy was granted a discharge pursuant to 11 U.S.C. § 727 on August 28, 2007. Leroy has brought suit here against his former spouse Betty, contending that two obligations owed Betty under the divorce decree are dischargeable.[2]

The pertinent provision of the divorce decree is as follows:

> Husband shall be solely liable for satisfying the second mortgage to Alabama Exchange Bank, secured by the former martial residence, which the Wife owned prior to the marriage. . . . It is further ordered that the Husband shall either fully satisfy the Alabama Exchange Bank mortgage, since its purpose was to provide working capital for his Huddle House operations, or have said mortgage refinanced so that the former marital residence is removed as security from same, immediately. He is to indemnify the Wife from this debt and any monies that she has to pay to satisfy this second mortgage shall be a judgment in her favor against the Husband, for which she may enforce through any legal means.

(Doc. 1, Ex. 3).

While this case was pending under Chapter 13, Leroy objected to Betty's claim, contending that it was not entitled to priority pursuant to 11 U.S.C. § 507(a)(5). In a decision handed down on March 16, 2007, the Court ruled in Leroy's favor, finding that the debts in question were in the nature of a property settlement and not for support. (Case No. 06-10581, Docs. 51, 52). It is significant to note that the March 16 Order does not make any determination as to the dischargeability of the subject indebtedness.

On July 23, 2007, Leroy filed this Adversary Proceeding seeking a determination that the debts owed to Betty under their Divorce Decree were dischargeable. (Adv. Pro. No. 07-1097, Doc. 1). Betty filed a counterclaim seeking to hold the debts nondischargeable under 11 U.S.C.

---

[2] Paragraph 8 of the Divorce Decree provided that Leroy was to pay the second mortgage on the marital home, which was awarded to Betty. Paragraph 11 of the Divorce Decree provided that Leroy was to pay Betty $25,000.00 for her interest in a Limited Liability Company, which had been jointly owned by the parties and which was awarded to Leroy. Leroy has not paid the $25,000.00, nor has he paid or refinanced the second mortgage. It is these two debts which are the subject of this Adversary Proceeding.

§ 523(a)(15). (Doc. 7). This Adversary Proceeding is currently before the Court on the Defendant Betty's Motion for Summary Judgment.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

Leroy seeks a determination from this Court that the indebtedness he owes to Betty is dischargeable. Betty counters that the indebtedness should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(15). This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a "core proceeding" for which the Bankruptcy Court may enter a final judgment. 28 U.S.C. § 157(b)(2)(I).

### B. Summary Judgment Standard

Summary judgment is only proper when there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "When a party moves for summary judgment, the court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002). The court does not "weigh the evidence to determine the truth of the matter, but solely determines whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

-3-
Case 07-01097   Doc 16   Filed 12/18/07   Entered 12/18/07 10:52:48   Desc Main
Document     Page 3 of 9

The initial burden is on the moving party to prove that there are no material facts in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden then shifts to the non-moving party to establish that there are material facts in dispute. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented." Thomas, 214 F.Supp.2d at 1231. If there are any material facts in dispute, summary judgment must be denied. Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).

**C. Discussion**

Leroy filed this Adversary Proceeding alleging that the debts in question are dischargeable, because the indebtedness does not fall within any recognized exception to discharge. Betty contends, to the contrary, that the debts are nondischargeable under § 523(a)(15).

*1. History of § 523(a)(5), (15)*

Before considering the merits on the law as it now stands, a brief historical review may add clarity here. Support obligations have always been nondischargeable, while property settlements were dischargeable. See Wetmore v. Markoe, 196 U.S. 68, 75 (1904) ("[A] contract made after divorce between a husband and wife, by which the former agreed to pay the latter a certain sum of money annually for her support . . . and for the support of the minor children of the marriage . . . was not discharged by a subsequent proceeding and discharge in bankruptcy."). Prior to 1994, the bankruptcy courts would determine whether an obligation was in the nature of support or whether it was in the nature of a property settlement. See Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). If it was in the nature of alimony or support, it was

excepted from the debtor's discharge, but if it was in the nature of a property settlement, it was dischargeable.

The Bankruptcy Reform Act of 1994 changed things considerably, adding § 523(a)(15) to Title 11 of the United States Code. ( Pub. L. 103-394, 108 Stat. 4106, Section 304(e)). Section 523(a)(15), as enacted in 1994, provided that debts in the nature of property settlements would be excepted from discharge provided that the benefit to the debtor would outweigh the detriment to the non-debtor recipient. In general terms, the courts would look at the relative financial situations of the parties and discharge the debt if the recipient was better off financially that the debtor-payor.

The Bankruptcy Abuse Protection and Consumer Protection Act of 2005 changed the law again, giving us the present version of § 523(a)(15). (Pub. L. 109-8). For bankruptcy cases filed after the effective date of the 2005 Act, October 16, 2005, all debts owed to a former spouse pursuant to a divorce decree are excepted from discharge. In other words, the balancing the harms test, which was brought about by the 1994 Act, was eliminated. Therefore, for purposes of dischargeability, it is no longer necessary to make the support versus property settlement distinction nor is it necessary to undertake the balancing the harm analysis.[3] The 2005 Act greatly simplified this area of bankruptcy law, to the chagrin of payor spouses who file bankruptcy.

It should be noted that the support versus property settlement distinction is still relevant for the purposes of determining whether a debt is entitled to priority. That is, debts for alimony

---

[3] Under the 2005 Act, "with respect to dischargeability in cases under Chapter 7 . . . the distinction between a domestic support obligation and other types of obligations arising out of a martial relationship is of no practical consequence." COLLIER ON BANKRUPTCY § 523.11 (15th ed. rev.).

and support are entitled to priority. 11 U.S.C. § 507(a)(1). These kinds of debts are now called "domestic support obligations." 11 U.S.C. § 101(14A).

*2. Statutory Analysis*

As a general proposition of bankruptcy law, all debts owed by the debtor, which were in existence at the time a petition in bankruptcy is filed are discharged unless one of the enumerated exceptions to discharge apply. 11 U.S.C. § 727(b). The exceptions to discharge are found at 11 U.S.C. § 523. Betty contends that the debts owed to her by Leroy are excepted from the discharge pursuant to § 523(a)(15), which provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual from any debt –
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). To be excepted from discharge under this provision, the debt must: (1) be to a spouse, former spouse, or child of the debtor; (2) not be of the type described in § 523(a)(5); and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or order of court. The party challenging the dischargeability of a debt has the burden of proving these elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287 (1991).

The first element requires that the debt be to a spouse, former spouse, or child of the debtor. In this case, at least part of the debt is for payment of a mortgage, which is payable to a third party, Alabama Exchange Bank, and not a former spouse as required under the statute. However, Leroy has a direct liability to Betty under the terms of their Divorce Decree. Betty points to the following language in the Divorce Decree: "[Husband] is to indemnify the Wife

from this debt and any monies that she has to pay to satisfy this second mortgage shall be a judgment in her favor against the Husband, for which she may enforce through any legal means." Here, Betty was forced to reach into her retirement account to pay the second mortgage. Under the Divorce Decree, Betty's payment of the mortgage created a direct liability on the part of Leroy to reimburse her. Therefore, the Court finds that the first element is met here.

As to the second requirement, that the debt not be of the type described in § 523(a)(5), the Court finds that the indebtedness here meets this element. Section 523(a)(5) excepts from discharge any debt "for a domestic support obligation." 11 U.S.C. § 523(a)(5). A domestic support obligation is defined as "a debt . . . owed or recoverable by a spouse, former spouse, or child of the debtor . . . in the nature of alimony, maintenance, or support" established by a separation agreement, divorce decree, or property settlement. 11 U.S.C. § 101(14A). The court previously determined that the debts in question here were not domestic support obligations within the meaning of § 101(14A). (Case No. 06-10581, Doc. 51). Therefore, the second element is met.

The third element, that the debt must have been incurred during the course of a divorce proceeding, is clearly met here. There is no dispute that the indebtedness arose from the parties' Divorce Decree. This Court finds that the indebtedness here meets all the necessary requirements for nondischargeability under § 523(a)(15).

### *3. Res Judicata*

Leroy argues that the Court's March 16 Order has a *res judicata* effect on the determination of whether the indebtedness at issue here is nondischargeable. A party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) the prior decision was rendered

by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases must involve the same parties; and (4) both cases must involve the same issue. Florida Dep't of Revenue v. Omine (In re Omine), 485 F.3d 1305, 1311-12 (11th Cir. 2007). This Court need not discuss the first three elements of *res judicata* in detail, as Leroy has failed to meet the fourth element.

Leroy argues in his brief that because this Court has previously found that the debts owed to Betty are not "domestic support obligations," it follows that the debts should be discharged. Leroy has confused the concepts of priority and discharge. While Leroy's case was pending under Chapter 13, it was necessary to determine whether the debts in question were domestic support obligations or a property settlement. Had the obligations been determined to be in the nature of domestic support obligations, they would then be entitled to priority pursuant to 11 U.S.C. § 507(a)(1). Leroy's Chapter 13 Plan would have had to provide for full payment of the debts. 11 U.S.C. § 1322(a)(2). However, this court determined that the debts were not domestic support obligations, and for that reason they were not entitled to priority. (Case No. 06-10581, Doc. 51). Had Leroy gone forward with his Chapter 13 Plan, he could have treated the debts owed to Betty as general unsecured debts. Because this Court has not previously considered the issue of nondischargeability of this indebtedness, Leroy's *res judicata* argument is without merit.

### III. CONCLUSION

Having found no genuine issues of material fact as to whether the indebtedness owed by Leroy to Betty under the parties' Divorce Decree is nondischargeable under 11 U.S.C. § 523(a)(15), this Court grants summary judgment in favor of Betty. The indebtedness owed by Leroy is excepted from his discharge pursuant to 11 U.S.C. § 523(a)(15). The Court will enter

judgment by way of a separate document in accordance with this Memorandum Decision.

Done this the 18th day of December, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge